**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 3 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: SIDNEY T. SCARLETT, _____ SIDNEY T. SCARLETT, Appellant, v. DEVIN DERHAM-BURK, Chapter 13 trustee, Appellee. | No. 17-15799 D.C. No. 5:16-cv-05371-LHK MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted November 27, 2018**

Before:  CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Sidney T. Scarlett appeals pro se from the district court's order dismissing

his bankruptcy appeal for failure to prosecute.  We have jurisdiction under 28

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review for an abuse of discretion. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010) (denial of extension of time); *Moneymaker v. CoBEN (In re Eisen)*, 31 F.3d 1447, 1451 (9th Cir. 1994) (dismissal for failure to prosecute). We affirm.

The district court did not abuse its discretion by denying Scarlett a further extension of time and dismissing Scarlett's bankruptcy appeal for failure to prosecute after it granted him two extensions of time to file the opening brief and warned that failure to file an opening brief by the extended due date would result in dismissal of his appeal. *See In re Eisen*, 31 F.3d at 1451-56 (discussing factors for district court to weigh in determining whether to dismiss for failure to prosecute; noting that dismissal should not be disturbed unless there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors (citations and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Scarlett's motion for reconsideration because Scarlett failed to establish any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

**AFFIRMED.**

17-15799